The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
You have presented the following question for my opinion:
 Can Alltel Arena lawfully prohibit off-duty police officers from carrying handguns into the arena during an event?
RESPONSE
It is my opinion that Alltel Arena can lawfully prohibit off-duty police officers from carrying handguns into the arena during an event.
Your question requires me to harmonize various provisions of state law: the concealed handgun law, the laws that create exemptions and exceptions to the concealed handgun law, and the laws authorizing law enforcement officers to carry weapons. The concealed handgun law (Act 411 of 1995, codified at A.C.A. § 5-73-301 et seq.) requires that individuals obtain licenses in order to carry concealed handguns. § 5-73-302. However, it also provides that certain law enforcement officers are exempt from the licensure requirement. A.C.A. § 5-73-304. The exemption language states:
 (a)(1) Certified law enforcement officers, chiefs of police, and sheriffs shall be exempt from the licensing requirements of this subchapter, if otherwise authorized to carry a concealed handgun.
A.C.A. § 5-73-304(a)(1) (emphasis added).
Similarly, the provisions of A.C.A. § 12-15-201 et seq. (governing the carrying of concealed weapons by law enforcement officers) reiterate this exemption, as follows:
 (a) Any certified law enforcement officer may carry a concealed handgun if that officer:
 (1) Is presently in the employ of a public law enforcement department, office, or agency; and
 (2) Is authorized by the public law enforcement department, office, or agency to carry a firearm in the course and scope of his or her duties; and
 (3) Is not subject to any disciplinary action by the public law enforcement department, office, or agency; and
 (4) Is carrying appropriate written identification issued by the public law enforcement department, office, or agency identifying him or her as a certified law enforcement officer; and
 (5) Is not otherwise prohibited under state or federal law.
A.C.A. § 12-15-202 (emphasis added).
In my opinion, the above-quoted provisions permit certified law enforcement officers to carry concealed weapons without a license, whether they are on duty or off duty.[1] However, it is my opinion that the emphasized language in both of the above-quoted provisions places a limitation on the authority of law enforcement officers to carry concealed handguns. I interpret the limitations stated in these provisions to mean that certified law enforcement officers are authorized to carry concealed handguns without a license only in situations in which they are otherwise authorized to carry concealed weapons and are not otherwise prohibited from doing so. That is, if any other state law prohibits them from carrying concealed handguns in certain situations, that law will override the authority granted in the statutes cited above.
In my opinion, the provisions of A.C.A. § 5-73-306(b) override the authority of off-duty law enforcement officers to carry concealed weapons in the circumstances described therein. That statute states:
 (b)(1) In addition to the places enumerated in this section, the carrying of a concealed handgun may be disallowed in any place in the discretion of the person or entity exercising control over the physical location of such place by the placing of a written notice clearly readable at a distance of not less than ten feet (10') that the" carrying of a handgun is prohibited."
 (2) Provided, no sign shall be required for private homes, and any licensee entering a private home shall notify the occupants that he is carrying a concealed handgun.
A.C.A. § 5-73-306(b).[2]
The above-quoted language, in my opinion, grants individuals and entities who exercise control over particular property the discretion to prohibit the carrying of concealed handguns on that property. This grant of authority, if exercised, would, pursuant to the limitation language in A.C.A. § 5-73-304(a)(1) and A.C.A. § 12-15-202(a)(5), quoted above, override the authority of certified law enforcement officers to carry concealed handguns in such locations.
Accordingly, I conclude that Alltel Arena may, under the authority of A.C.A. § 5-73-306(b), prohibit off-duty police officers from carrying concealed handguns into the arena during an event.[3]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
[1] This statement applies only to certified law enforcement officers. Because it appears that your question envisions certified officers only, I will not engage in a discussion of the circumstances under which non-certified law enforcement officers are authorized to carry concealed handguns without a license.
[2] Section (a) of A.C.A. § 5-73-306 enumerates various locations in which a concealed handgun license will not authorize the holder of that license to carry a concealed handgun. In my opinion, Section (a) only operates to prohibit license-holders from carrying concealed handguns into the enumerated locations, and not certified law enforcement officers.
[3] It should be noted that my predecessor recently issued Opinion No.2002-332, in which he opined that "certified law enforcement officers who are otherwise authorized to carry concealed handguns under A.C.A. §12-15-202 are not prohibited from carrying concealed handguns in any area of the state." Op. Att'y Gen. No. 2002-332 at 4. This statement appears to have been referring only to certified law enforcement officers in situations in which they were not otherwise prohibited from carrying concealed handguns.